UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

AMY HUTCHINS and
CRYSTAL HUTCHINS,
Plaintiffs,

v.  No. _____

SHAWN HUFF, MICHAEL W. HUFF, CITY
OF LAFAYETTE, TRI COUNTY ELECTRIC
MEMBERSHIP CORPORATION, and
TENNESSEE VALLEY AUTHORITY,
Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1442, and 1446 and the Federal Rules of Civil Procedure, Tennessee Valley Authority ("TVA") hereby submits for filing this Notice of Removal and respectfully shows as follows:

1. On July 7, 2022, Plaintiffs Amy Hutchins and Crystal Hutchins filed a Second Amended Complaint in the Circuit Court for Macon County, Tennessee, naming TVA as a Defendant in Case No. 2022-CV-40. Plaintiffs' complaint seeks to recover monetary damages for alleged personal injuries sustained in an automobile accident at the intersection of Old Highway 52 and Highway 52 in Macon County, Tennessee.

2. TVA is a wholly-owned executive branch corporate agency and instrumentality of the United States created by and existing pursuant to the Tennessee Valley Authority Act of 1933 ("TVA Act"), 16 U.S.C. § 831 *et seq*. *See TVA v. Hill*, 437 U.S. 153, 157 (1978) ("[TVA is] a wholly owned public corporation of the United States . . . ."); *Ashwander v. TVA*, 297 U.S. 288, 315 (1936) ("[TVA is] an agency of the federal government . . . ."); *Waterhouse v. TVA*, No. 20-5978, 2021 WL 1230371, at *2 (6th Cir. Mar. 17, 2021) ("TVA is a 'wholly-owned corporate agency and instrumentality of the United States.'" (quoting *Hill v. U.S. Dep't of Labor*, 65 F.3d

1331, 1333 (6th Cir. 1995))); *Gillham v. TVA*, 488 F. App'x 80, 81 (6th Cir. 2012) ("The TVA is a wholly-owned corporate agency and instrumentality of the United States . . . ."); 16 U.S.C. § 831r (denoting TVA as "an instrumentality and agency of the Government of the United States").

3. This action is removable to this Court pursuant to 28 U.S.C. § 1442(a)(1), which authorizes removal of any civil action commenced against the United States or any agency thereof. *City of Cookeville v. Upper Cumberland Membership Corp.*, 484 F.3d 380, 389 & n.5 (6th Cir. 2007) ("[T]he text and legislative history of § 1442(a)(1) demonstrate that any federal agency sued can always remove under § 1442(a)(1)[.]"); *see also, e.g.*, *Willingham v. Morgan*, 395 U.S. 402, 406 (1969) (observing that the right of removal created by 28 U.S.C. § 1442(a)(1) is "absolute").

4. This Court separately has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 because a claim against a federal corporation created by an Act of Congress, such as the TVA Act, falls within the grant of federal question jurisdiction under § 1331. *See Jackson v. TVA*, 462 F. Supp. 45, 55 (M.D. Tenn. 1979), *aff'd* 595 F.2d 1120, 1121 (6th Cir. 1979); *see also Wayne v. TVA*, 730 F.2d 392, 397 (5th Cir. 1984) (citing *Jackson*, 462 F. Supp. at 50). Plaintiffs' claims against TVA are subject to defenses arising under federal law, including the rule that TVA does not have a duty to supply uninterrupted electrical service.

5. This Court also has jurisdiction over this action under 28 U.S.C. § 1337 because the TVA Act represents an "Act of Congress regulating commerce." *Jackson,* 462 F. Supp. at 52, n.2, 55; *cf. Ashwander*, 297 U.S. at 328–30 (holding the TVA Act to be a constitutional exercise of Congress's power under the Commerce Clause).

6. Because this Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1337, removal is proper under 28 U.S.C. § 1441(a), which states that "any civil

action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1442(a)(1).

8. TVA obtained a copy of the Complaint on July 7, 2022, and TVA received delivery of a summons and the Complaint on July 13, 2022.[1] In accordance with 28 U.S.C. § 1446(b)(1), this Notice of Removal is being filed within thirty days of TVA's receipt of the pleading setting forth the claim upon which this action is based and, therefore, is timely and proper.

9. In accordance with 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon [TVA in this] action" is attached hereto as Attachment 1.

10. In accordance with 28 U.S.C. § 1446(d), and as shown by the Certificate of Filing and Service attached hereto as Attachment 2, notice of the removal of this action was effected on August 8, 2022, by (1) mailing copies of this Notice of Removal and said Certificate to all parties, thereby notifying them of the filing of this Notice of Removal and the removal of this action; and (2) by causing copies of the Notice of Removal and said Certificate to be filed with the Clerk for the Circuit Court for Macon County, Tennessee.

WHEREFORE, TVA gives notice that this action is removed from State court to this Court as provided by law.

---

[1] Upon removal, TVA's deadline for responding to the Complaint is August 15, 2022. *See* Fed. R. Civ. P. 81(c)(2)(C).

Respectfully submitted,

s/*Frances Regina Koho*
David D. Ayliffe (TN BPR 024297)
Director, Litigation
Frances Regina Koho (TN BPR 029261)
Office of the General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401
Telephone  865.632.2410
frkoho@tva.gov

Attorneys for Tennessee Valley Authority

112480914