UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| AMY HUTCHINS and<br>CRYSTAL HUTCHINS,<br><br>　　　Plaintiffs,<br><br>v.<br><br>CITY OF LAFAYETTE,<br>TRI COUNTY ELECTRIC<br>MEMBERSHIP CORPORATION, and<br>TENNESSEE VALLEY AUTHORITY,<br><br>　　　Defendants. | NO. 2:22-cv-00036 |

### MEMORANDUM OPINION

The Tennessee Valley Authority ("TVA") removed this case pursuant to 28 U.S.C. §§ 1331 and 1337 due to its special governmental status. TVA has now filed a Motion to Dismiss pursuant to 12(b)(6), (Doc. No. 88) that Amy Hutchins and Crystal Hutchins ("Plaintiffs") collectively oppose (Doc. No. 94). For the following reasons, the Motion is granted. Without TVA, this Court has no federal jurisdiction, so this case is remanded to the Circuit Court for Macon County, Tennessee.

**I.　BACKGROUND**

This case arises from an automotive collision on October 31, 2021, on Highway 52 in Lafayette, Tennessee. Plaintiffs were struck by Shawn Huff in the intersection of the Highway, resulting in their serious injuries. The traffic control device was not operating at the time of the collision, allegedly because TVA had scheduled a temporary electrical service interruption.

Plaintiffs added TVA into this case only after Tri-County Electric Membership Corporation ("Tri-County") "raise[d] the affirmative defense of comparative fault against" TVA. (Doc. No. 68

¶ 115). Tri-County's affirmative defense is, "TVA's negligence is a proximate cause of Plaintiffs injuries and damages, and TVA should be held liable for all general and specific damages identified,". (Doc. No. 68 ¶ 116).

## II. LEGAL STANDARD AND ANALYSIS

TVA argues that Plaintiffs failed to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), (Doc. No. 88), for two reasons. First, TVA argues that Plaintiffs failed to plead facts that TVA owed Plaintiffs a legal duty or that their injuries were proximately caused by TVA. (Doc. No. 89 at 6). Second, TVA contends that even if Plaintiffs adequately plead factual allegations, as a matter of law, "no legal duty exists requiring TVA to provide uninterrupted electrical service." (Id. at 8). The Court agrees.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "the complaint must include a 'short and plain statement of the claim showing that the pleader is entitled to relief." Ryan v. Blackwell, 979 F.3d 519, 524 (6th Cir. 2020). In determining whether a complaint meets this standard, the Court must accept all of the factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief." Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018). Accordingly, the complaint must "contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007) (citing Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005)). The Court will not accept a legal conclusion masked as a factual allegation, nor an "unwarranted factual inference," as true. Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007).

Viewing the allegations as true, the Court finds that Plaintiffs' four allegations against TVA, (Doc. No. 68 ¶¶ 115, 116, 117 and 118), do not plausibly support a claim that TVA had any

2

legally cognizable duty to Plaintiffs nor a claim that TVA proximately caused Plaintiffs' injuries. In Tennessee, a negligence claim against TVA requires that it owed some legal duty to exercise reasonable care to the Plaintiffs. Without such a duty, "there can be no liability for negligence." Davidson v. Martin Marietta Energy Systems, Inc., 797 F. Supp. 613, 616 (E.D. Tenn. 1990) (citing AFG Industries, Inc. v. Holston Electric Co-Op, 556 F. Supp. 33, 34 (E.D. Tenn. 1982)). Here, Plaintiffs' *Fourth* Amended Complaint advances four purported allegations against TVA. The first, simply quotes Tri-County's affirmative defense, that "TVA should be assessed the percentage of fault for which they are responsible." (Doc. No. 68 ¶ 115).[1] The other three allegations are legal conclusions, without any additional facts that identify how, or why TVA's actions or inactions caused the accident or injury to the Plaintiffs. (See id. ¶¶ 116, 117, and 118). For instance, allegations like "TVA's negligence is a proximate cause of Plaintiff's injuries," and "[TVA is] liable to the Plaintiffs for the aforementioned losses," are conclusory statements, not factual allegations. See Treesh, 487 F.3d at 476.

Even if Plaintiffs alleged sufficient facts, dismissal is required as a matter of law. Plaintiffs argue that TVA's "interruption in service was planned and executed in an unreasonably dangerous manner which was negligent, dangerous and reckless and caused foreseeable injuries and damages." (Doc. No. 94-1 at 11). TVA responds by citing two cases, AFG Industries, Inc., 446 F. Supp. at 34 and Muscle Shoals Mins. Co. v. TVA, No. 83-2107 MB (W.D. Tenn., Dec. 29, 1983).[2] In AFG Industries, Inc., the plaintiff, an industrial customer of TVA, alleged property damage resulting from two 1-hour interruptions in electric service to the plaintiff's plant. The court granted

---

[1] Indeed, Plaintiffs confess that the sum and substance of their factual basis for adding TVA was Tri-County's affirmative defense. (See Doc. No. 94 at 5-6).
[2] The Court notes that the Sixth Circuit has not ruled on this very issue, but courts in this district have completely, without exception, followed AFG Industries, Inc.'s holding and analysis of this issue.

3

TVA's motion, holding that no regulation imposed "on TVA any legal duty to supply uninterrupted electrical service to its customers, or to exercise any degree of care to avoid brief interruptions in such service such as those involved herein." 446 F. Supp. at 34. The parties in AFG Industries, just like the Plaintiffs here, failed to point to any case, statute, or regulation that created an affirmative duty of care to alleged injured parties. Id.

Similarly, in granting TVA's motion for summary judgment, the court in Muscle Shoals Mins., came to the same conclusion and explained that:

> In regard to the plaintiff's assertion that TVA was negligent in failing to maintain the necessary electrical supply, this Court concludes that such a theory of recovery must also fail. It is well-settled that the essence of the tort of negligence is the existence of some legal duty owed by the defendant to the plaintiff. Absent the existence of some legal duty owed by the defendant for the plaintiff, there can be no liability for negligence. This Court is unable to find any authority (nor has any been supplied by the plaintiff), which imposes a legal duty upon TVA to supply uninterrupted electrical service to the plaintiff. Ky. Agric. Energy Corp. v. Bowling Green Mun. Utils. Bd., 735 F. Supp. 226, 229 (W.D. Ky. May 23, 1989) (quoting Muscle Shoals Mins.).

The Court's own research since Muscle Shoals Mins. has not uncovered any such decision. As other courts have reasoned, policy considerations do not support imposing liability onto TVA or any other electrical supplier because it would "not be proper, since in marketing electricity, TVA is disposing of property of the United States which is a function vested by the Constitution in the Congress, not the Judiciary." Mobil Oil Corp. v. TVA, 387 F. Supp. 498, 507 (N.D. Ala. 1974) (citing cases). Doing so, could expose TVA or similar actors to "open-ended liability [that] would require TVA to rework its entire rate schedule and would undoubtedly lead to sharp rate increases to all its consumers." Ky. Agric. Energy Corp., 735 F. Supp. at 230. The "imposition of tort liability on those who must render continuous service of this kind to all who apply for it under all kinds of circumstances could be ruinous,". Id. at 231. Therefore, the Court finds the reasoning employed in AFG Industries and Muscle Shoals Mins., compelling and joins other courts in holding that, TVA

4

Case 2:22-cv-00036   Document 114   Filed 10/02/23   Page 4 of 5 PageID #: 1166

cannot be held liable for negligence, without legal authority that TVA has a legal duty to avoid brief interruptions in service or to exercise a reasonable degree of care in providing electrical service, under such circumstances. See Ky. Agric. Energy Corp., 735 F. Supp. at 228 ("This Court is of the opinion that the AFG [Industries] court has provided a sound, logical and persuasive analysis of the pending issue."). Without a legal duty, there can be no breach. TVA's 12(b)(6) Motion is granted.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE